UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN


PRESTON DEAN PYLES
                Plaintiff

v.                                        Civil Action Number
                                            1:09CV120-J

MICHAEL J. ASTRUE, Commissioner
  Of Social Security,
                Defendant

## MEMORANDUM OPINION

      This matter presents the challenge of Preston Dean Pyles ("plaintiff" or "claimant") to

the decision of defendant Commissioner.  After examining the materials of record, the arguments

of the parties and applicable authorities, the Court is of the opinion that the decision of the

defendant Commissioner should be affirmed.

      In September 12, 2007, Mr. Pyles filed application for disability insurance benefits,

alleging that he had been unable to engage in any substantial gainful employment since January

1, 2006.  After a hearing,  Administrative Law Judge Charles J. Arnold ("ALJ") determined that

plaintiff's lumbar degenerative disc disease with radiculopathy and stenosis, right shoulder

rotator cuff tear, cervical degenerative disc disease and spine degeneration and thoracic

degenerative disease were severe impairments that prevented him from performing any of his

past relevant work.  The ALJ further found that claimant retained the residual functional capacity

for a significant number of jobs in the national economy.  This became the final decision of the

Commissioner when the Appeals Council denied review on July 10, 2009.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner.  Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion.  N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988).  The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Claimant contends that he was substantially prejudiced when the Appeals Council failed to allow him the opportunity to file a brief and additional evidence in support of his request for review of the ALJ's decision.  The Commissioner responds that plaintiff has not demonstrated that he did not have a reasonable opportunity to file a brief.

The record indicates that the ALJ's decision was entered on April 10, 2009.  On June 5, 2009, plaintiff filed a request for review of the decision.  While counsel requested an additional thirty days in which to file a written brief, no reason for needing additional time was set out.  Tr. 4.  The request for review form, signed by both Mr. Pyles and his attorney, includes the following paragraph:

> If you have additional evidence, submit it *with this request for review*.  If you need additional time to submit evidence or legal argument, *you must request an extension of time in writing now*.  If you request an extension of time, you should explain the reason(s) you are unable to submit the evidence or legal argument now.  If you neither submit evidence or legal argument now nor within any extension of time the Appeals Council grants, *the Appeals Council* will take its

action based on the evidence of record.

Tr. 5.   The Appeals Council did not explicitly rule on the request for additional time, but it took no action for more than thirty days, during which plaintiff submitted neither legal argument nor additional evidence.   On July 10, 2009, the Appeals Council denied review.

Plaintiff does not contend that he attempted to file a brief or additional evidence during the thirty days between the request and the Appeals Council decision.  In view of plaintiff's failure to follow the requirement of providing a reason for extension of time as well as plaintiff's failure to file legal argument or evidence within the time period counsel said would be needed, the Court is unable to see any prejudice to plaintiff.

Plaintiff next requests remand for consideration of new and material evidence.  The evidence claimant offers consists of a June 5, 2009 Residual Functional Capacity evaluation from Dr. Bernard.  There is no indication that Dr. Bernard examined Mr. Pyles in connection with this RFC questionnaire; rather, he completed it based upon his prior treatment of the plaintiff, which terminated over a year earlier, before Dr. Bernard moved his office.  The records of that prior treatment were in evidence before the ALJ.

The limited circumstances under which the Court is permitted to remand for this purpose arise when the party seeking remand shows that: (1) new and (2) material evidence is available; and (3) good cause exists for not first presenting the evidence to the ALJ. See <u>Willis v. Sec'y of Health & Human Servs</u>., 727 F.2d 551, 554 (6th Cir.1984).  New evidence must indeed be new; it cannot be cumulative of evidence already in the record. See <u>Szubak v. Secretary of Health and Human Servs</u>., 745 F.2d 831, 833 (3d Cir.1984), cited in <u>Robertson v. Shalala</u>, 91 F.3d 144 (6th Cir. July 8, 1996).  New evidence is material when the movant shows a reasonable possibility

that the evidence would have changed the outcome of the ALJ's decision. See <u>Sizemore v. Sec'y of Health & Human Servs</u>., 865 F.2d 709, 711 (6th Cir.1988).

Accordingly, it is incumbent upon plaintiff to explain why the RFC questionnaire could not have been obtained earlier, as well as why it is both new and material. Failure to establish even one of these elements would defeat the request for remand, but the Court concludes that plaintiff has failed to establish any of the three. Plaintiff states that the evidence is "new" simply because that piece of paper was not in existence at the time of the ALJ's decision. This begs the question of why it could not have been produced months earlier, given that it was not dependent on any new information. The Court concludes that plaintiff has not suggested any reason why the opinion evidenced by the piece of paper was not *available* prior to the ALJ's decision.

Similarly, the only reason offered for failing to earlier obtain the evidence was that the doctor had moved his office two hundred miles away. While this distance might well present an impediment to a follow-up examination, that is not, as noted, the nature of this evidence. In an age of fax machines, electronic mail, telephones and mail service, the significance of two hundred miles is hardly self-evident, and plaintiff has failed to demonstrate why this distance interfered with earlier obtaining the paper.

Finally, it does not appear that the evidence is "material" in the sense of raising a reasonable probability that a fact-finder presented with the evidence would have reached a different decision. To the extent that the opinion reflected in the RFC questionnaire is not supported by the treatment records, it is of questionable value. To the extent that is *is* based on the treatment records, the opinion reflected in the RFC questionnaire is not likely to be "material," because the treatment records themselves were available to the decision-maker.

Next Mr. Pyles contends that substantial evidence fails to support the ALJ's decision.  As noted earlier, the task of this Court is not to decide the facts anew or to determine whether it would have arrived at a different decision from that of the ALJ.  Even if there is substantial evidence to support the opposite conclusion, the sole question presented to this Court is whether there is substantial evidence to support the ALJ's decision.  While this Court might well have reached a contrary conclusion, examination of the record as a whole leads the Court to conclude that there is substantial evidence in support of the ALJ's conclusions.

The ALJ considered the records of treating physician Dr. Bernard.  While Dr. Bernard identified back impairments, and also treated Mr. Pyles for acute exacerbations, he did not identify any long term functional limitations.  Tr. 12.  The Court notes that the ALJ referred to the absence of any opinion of "finding of disability."  This choice of language could, in another record, be quite confusing, given that "opinions" can be offered *only* by medical sources, where as a "finding of disability" can be made *only* by the ALJ.  Given the nature of this record, however, remand is unnecessary: It is clear that what the ALJ meant was that no medical source had opined regarding physical or mental limitations that would be inconsistent with the performance of work activities.  Dr. Bernard did advise Mr. Pyles that "if he could avoid any sort of racing activities," that would likely be of benefit to him.  Tr. 223.  Such a limitation does not, however, impact the sedentary work identified as compatible with Mr. Pyles' condition.

An order in conformity has this day entered.